## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID ANTHONY LEE**                                **CIVIL ACTION**

**VERSUS**                                           **NO.  17-11577**

**DARREL VANNOY, WARDEN**                            **SECTION "A"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED and DISMISSED WITH PREJUDICE**.

## I.    FACTUAL BACKGROUND

The petitioner, David Anthony Lee, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On February 25, 1999, Lee was indicted by an Orleans Parish grand jury for one count each of aggravated rape,

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.

aggravated burglary, aggravated crime against nature, aggravated arson, burglary of an inhabited dwelling and extortion.[3]   The Louisiana Fourth Circuit Court of Appeal summarized the facts established at trial:[4]

> N.M. testified she met the defendant one day on the street and they had a discussion of the Bible and scripture.  The victim further testified that she allowed the defendant to live with her for a week because he had no place to live.  At the end of the week the victim asked the defendant to leave her home.  Initially, the defendant resisted but he then complied and left the victim's apartment.  According to the victim a few days later the defendant returned to her apartment asking her to let him in but she refused.  She testified that the defendant then forced his way into her apartment by pushing a window unit air conditioner back into her apartment and crawling in through the opening.  Once inside the apartment the defendant allegedly held the victim at knifepoint for hours.  She further testified while the defendant held her hostage at knifepoint he put the air conditioner unit back in the window, put the curtains back at the window, forced her to cook him a meal, smoked a cigarette, drank a beer, and then forced her to have intercourse and perform oral sex.  As the morning approached the defendant then told N.M. to set her alarm clock so that he would not be late for work.  After the defendant left the apartment for work N.M. called 911 to report that she had been raped.
>
> Detective Bradley Glaudi testified that while the detectives were conducting their investigation at N.M.'s apartment the defendant called several times asking her "not to do this to me . . . you know I didn't break into your house . . . I'll pay you one thousand dollars."
>
> Officer Kenneth Spooner testified that he responded to a burglary call at the victim's apartment and when he arrived he found her front door open and her iron security door locked.  Officer Spooner then walked around the side of the residence and encountered N.M., and a few seconds later they heard a loud explosion in the rear of the building.  As the officer and the victim walked to the front of the apartment there was a second explosion.  Officer Spooner testified he heard footsteps rapidly moving from the rear to the front of the apartment.  The officer then saw the defendant exit the apartment using

---

[3]St. Rec. Vol. 1 of 8, Indictment, 2/25/99.

[4]In accordance with La. Rev. Stat. § 46:1844(W), the state courts referred to the victim of this sex crime by her initials.  This court will do the same.

a key to open the iron security door.  The defendant was detained, read his rights, and placed in a squad car.  The officer testified that the defendant told him "that if the victim testified against him, he would kill her" and asked "if they could lift his fingerprints off some gas cans."

State v. Lee, 834 So.2d 536, 537-38 (La. App. 4th Cir. 2002), judgment vacated, 852 So.2d 957 (La. 2003) (footnote omitted); State Record Volume 6 of 8, Louisiana Fourth Circuit Court of Appeal Opinion, 2002-KA-0955, pages 3-4, December 4, 2002.

After waiver of the right to jury trial, Lee was tried before the state trial court on August 12, 1999, and found guilty as charged one each count except aggravated arson, for which the jury returned the responsive verdict of simple arson.[5]  On September 28, 1999, the state trial court sentenced Lee to concurrent terms of life in prison without benefit of parole, probation or suspension of sentence for aggravated rape; seven years in prison for aggravated burglary; thirteen months in prison for aggravated crime against nature; three years in prison for simple arson; seven years in prison for burglary of an inhabited dwelling; and two years in prison for extortion.[6]

At a November 19, 1999, hearing, the state trial court adjudicated Lee a third felony offender based upon a multiple offender bill filed by the State.[7]  On March 22,

---

[5]St. Rec. Vol. 3 of 8, Trial Minutes, 8/12/99.

[6]St. Rec. Vol. 3 of 8, Sentencing Minutes, 9/28/99.

[7]St. Rec. Vol. 3 of 8, Multiple Bill Hearing Minutes, 11/19/99; Nunc Pro Tunc Minute Entry, 5/13/02.

2000, the court resentenced Lee as a third offender on the aggravated burglary count to serve life in prison without benefit of parole, probation or suspension of sentence.[8]

On out-of-time direct appeal to the Louisiana Fourth Circuit,[9] appointed counsel asserted that the state trial court erred when it failed to ascertain whether Lee made a knowing and voluntary waiver of the right to jury trial and whether Lee was mentally competent to proceed to trial.[10]  By supplemental brief, appointed counsel conceded that the record was adequate to prove a knowing and voluntary waiver of the right to jury trial.[11]  Counsel argued, however, that the record contained no indication that a sanity commission was appointed or a hearing held on the issue of Lee's competence.

On December 4, 2002, the Louisiana Fourth Circuit reversed the convictions and sentences, finding error in the trial court's failure to resolve the competency issue before trial.[12]

On June 27, 2003, the Louisiana Supreme Court granted the State's related writ application and vacated the Louisiana Fourth Circuit's judgment.[13]  The court noted that

---

[8]St. Rec. Vol. 3 of 8, Sentencing Minutes, 3/22/00.

[9]St. Rec. Vol. 3 of 8, Minute Entry, 2/7/02.

[10]St. Rec. Vol. 1 of 8, Appeal Brief, 2002-KA-0955, 6/10/02.

[11]St. Rec. Vol. 1 of 8, Supplemental Appeal Brief, 2002-KA-0955, 8/6/02.

[12]Lee, 834 So.2d at 536; St. Rec. Vol. 6 of 8, 4th Cir. Opinion, 2002-KA-0955, 12/4/02.

[13]State v. Lee, 852 So.2d 987 (La. 2003); St. Rec. Vol. 2 of 8, La. S. Ct. Order, 03-K-0032, 6/27/03; St. Rec. Vol. 6 of 8, La. S. Ct. Writ Application, 03-K-0032, 1/3/03.

the poor state of the trial record prevented a reviewing court from determining whether Lee withdrew the request for a competency hearing before trial.  The appeal court remanded the matter to the district court to make factual determinations whether (a) Lee withdrew the motion, (b) there were reasonable grounds to doubt his competency, and (c) the convictions and sentences should be vacated.  The court also preserved the parties' right to appeal from any ruling by the state trial court.

On April 14, 2005, following an October 22, 2004, evidentiary hearing, the state trial court held that Lee was not entitled to have his convictions and sentences set aside.[14] On appeal to the Louisiana Fourth Circuit, appointed counsel asserted that the state trial court's ruling was lacking in evidence and based on the same record already reviewed during the first appeal.[15]  On April 12, 2006, the Louisiana Fourth Circuit affirmed the convictions and sentences after reviewing the trial court proceedings and making a nunc pro tunc determination of Lee's competence.[16]

On January 12, 2007, the Louisiana Supreme Court denied Lee's related writ application, holding that the transcript of the remand hearing was sufficient to establish

---

[14]St. Rec. Vol. 3 of 8, Hearing Minutes, 10/22/04; Minute Entry, 4/14/05; <u>see also</u>, Reasons for Judgment (not dated); Reasons for Judgment(2) (not dated).  The record reflects that by the time of the remand, the original trial judge was no longer presiding and the remand hearing was held before a different judicial officer.  <u>See</u>, <u>State v. Lee</u>, 930 So.2d 174, 179 (La. App. 4th Cir. 2006); St. Rec. Vol. 6 of 8, 4th Cir. Opinion, 2005-KA-1196, p. 8, 4/12/06.

[15]St. Rec. Vol. 6 of 8, Appeal Brief, 2005-KA-1196, not dated.

[16]<u>Lee</u>, 930 So.2d at 174; St. Rec. Vol. 6 of 8, 4th Cir. Opinion, 2005-KA-1196, 4/12/06.

that Lee failed to raise a bona fide concern regarding his competence, rendering it unnecessary for the Louisiana Fourth Circuit to have made a nunc pro tunc competency determination.[17]

On October 1, 2007, the United States Supreme Court denied Lee's application for writ of certiorari.[18]  Lee's conviction became final that same day.  See Geisberg v. Cockrell, 288 F.3d 268 (5th Cir. 2002) (for purposes of the AEDPA, a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); Crutcher v. Cockrell, 301 F.3d 656, 657 (5th Cir. 2002) (same); Hoffman v. Louisiana, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied).

More than eight months later, on June 25, 2008, Lee signed and submitted to the state trial an application for post-conviction relief in which he asserted the following claims:[19]  (1) He was denied effective assistance of counsel when (a) trial counsel allowed the state court to proceed to trial without a competency determination, and (b) counsel on remand failed to challenge and object to the remand proceedings.  (2) The state trial court erred by failing to conduct a competency hearing and determine his

---

[17]State v. Lee, 946 So.2d 174 (La. 2007); St. Rec. Vol. 6 of 8, La. S. Ct. Order, 06-K-1115, 1/12/07; La. S. Ct. Writ Application, 06-K-1115, 5/12/06.

[18]Lee v. Louisiana, 552 U.S. 870 (2007); St. Rec. Vol. 6 of 8, U.S. S. Ct. Letter, 06-11874, 10/1/07.

[19]St. Rec. Vol. 4 of 8, Application for Post-Conviction Relief, dated 6/25/08.

competency to proceed before starting trial. (3) He was denied meaningful appellate review by the Louisiana Supreme Court's reliance on the state trial court record.

On November 2, 2009, Lee sought issuance of a writ of mandamus by the Louisiana Fourth Circuit complaining that the state trial court had not ruled on his post-conviction application.[20] On December 2, 2009, the court denied the application, finding that Lee was not entitled to relief on the underlying post-conviction claims.[21] On January 28, 2011, the Louisiana Supreme Court denied his related writ application without stated reasons.[22]

On February 2, 2011, Lee submitted an application for writ of mandamus to the Louisiana Fourth Circuit complaining that he had not received a ruling from the trial court on his original post-conviction applications and other requests for copies from the trial record.[23]  On March 17, 2011, the Louisiana Fourth Circuit denied the writ application indicating that the issue of Lee's competence to stand trial had been reviewed and relief denied on appeal.[24]

---

[20]St. Rec. Vol. 4 of 8, 4th Cir. Writ Application, 2009-K-1513, 11/9/09 (dated 11/2/09).

[21]St. Rec. Vol. 4 of 8, 4th Cir. Order, 2009-K-1513, 12/2/09.

[22]State ex rel. Lee v. State, 56 So.3d 970 (La. 2011); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 1/28/11; La. S. Ct. Writ Application, 10-KH-218, 1/26/10 (dated 1/4/10).

[23]St. Rec. Vol. 4 of 8, 4th Cir. Writ Application, 2011-K-0263, 2/24/11 (dated 2/21/11); see also, St. Rec. Vol. 1 of 8, Letter, 5/3/09.

[24]St. Rec. Vol. 4 of 8, 4th Cir. Order, 2011-K-0263, 3/17/11.

On February 17, 2012, the Louisiana Supreme Court denied Lee's related writ application on grounds that it sought repetitive post-conviction relief, citing La. Code Crim. P. art. 930.4(A) and (D).[25]

On May 31 2012, Lee submitted another application for writ of mandamus to the Louisiana Fourth Circuit seeking an order to compel the state trial court to rule on his original application for post-conviction relief and his supplemental application, which he claims was mailed to the state trial court on August 7, 2009.[26]  On June 7, 2012, the Louisiana Fourth Circuit denied the writ application, finding the claims repetitive under La. Code Crim. P. art. 930.4 of his claims previously reviewed and denied by the court.[27]

On November 9, 2012, the Louisiana Supreme Court denied Lee's related writ application on grounds that it sought untimely post-conviction relief under La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[28]

In the meantime, Lee claims that on June 1, 2012, he submitted a petition for writ of habeas corpus to Louisiana's 20th Judicial District Court, which was transferred to the

---

[25]State ex rel. Lee v. State, 82 So.3d 278 (La. 2012); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 2011-KH-0757, 2/17/12; La. S. Ct. Writ Application, 11-KH-757, 4/15/11 (dated 4/12/11).

[26]St. Rec. Vol. 5 of 8, 4th Cir. Writ Application, 2012-K-0801, 5/31/12; see also, St. Rec. Vol. 8 of 8, Mail Receipt, 8/7/09 (attached as a supplement to St. Rec. Vol. 7 of 8, La. S. Ct. Writ Application, 12-KH-1628, 7/13/12 (dated 7/5/12)).

[27]St. Rec. Vol. 5 of 8, 4th Cir. Order, 2012-K-0801, 6/7/12.

[28]State ex rel. Lee v. State, 100 So.3d 833 (La. 2012); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 2012-KH-1628, 11/9/12; La. S. Ct. Writ Application, 12-KH-1628, 7/13/12 (dated 7/5/12).

Orleans Parish Criminal District Court for further proceedings.[29]  On April 23, 2013, Lee submitted an application for writ of mandamus to the Louisiana Fourth Circuit seeking an order compelling the state trial court to rule on the petition.[30]

On May 16, 2013, the Louisiana Fourth Circuit granted the writ application, finding that state trial court had received a copy of the petition for writ of habeas corpus on June 12, 2012, and that another copy was sent by the 20th Judicial District Court on August 6, 2012, with no action having been taken.[31]  The state trial court summarily denied the petition on July 3, 2013.[32]

On August 12, 2013, the Louisiana Fourth Circuit denied Lee's writ application seeking review of the state trial court's order.[33]  On April 25, 2014, the Louisiana Supreme Court denied Lee's related writ application as seeking repetitive post-conviction relief, citing La. Code Crim. P. art. 930.4(A) and (D).[34]

---

[29]St. Rec. Vol. 5 of 8, 4th Cir. Writ Application, 2013-K-0530, 4/23/13; see also, St. Rec. Vol. 7 of 8, Petition for Writ of Habeas Corpus, undated.

[30]St. Rec. Vol. 5 of 8, 4th Cir. Writ Application, 2013-K-0530, 4/23/13.

[31]St. Rec. Vol. 5 of 8, 4th Cir. Order, 2012-K-0530, 5/16/13; St. Rec. Vol. 7 of 8, 20th JDC Order, 8/6/12.

[32]St. Rec. Vol. 7 of 8, Minute Entry, 7/3/13.

[33]St. Rec. Vol. 5 of 8, 4th Cir. Order, 2013-K-1090, 8/12/13; 4th Cir. Writ Application, 2013-K-1090, 8/5/13.

[34]State ex rel. Lee v. State, 138 So.3d 637 (La. 2014); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 2013-KH-2229, 4/25/14; La. S. Ct. Writ Application, 13-KH-2229, 9/17/13.

In the meantime, on August 5, 2013, Lee apparently attempted to supplement an additional page to be included with some other post-conviction pleading he claims to have filed, although the record does not include a copy of the alleged original pleading.[35] With no ruling by the state trial court, on September 24, 2013, Lee submitted another application for writ of mandamus to the Louisiana Fourth Circuit.[36]

On October 3, 2013, the Louisiana Fourth Circuit denied the writ application, finding that the claims in the amended pleading had been repeatedly denied.[37]  The Louisiana Supreme Court denied Lee's related writ application on July 31, 2014, without stated reasons.[38]

On May 9, 2014, Lee submitted to the state trial court another application for post-conviction relief asserting the following claims:[39] (1) He had inadequate assistance of counsel during post-conviction proceedings, which resulted in the procedural default of his ineffective assistance of trial counsel claim. (2) Trial counsel provided ineffective assistance when he failed to prevent trial proceedings without a determination of Lee's

---

[35]St. Rec. Vol. 3 of 8, Supplemental Memorandum, 8/13/13 (dated 8/5/13).

[36]St. Rec. Vol. 5 of 8, 4th Cir. Writ Application, 2013-K-1302, 9/24/13.

[37]St. Rec. Vol. 5 of 8, 4th Cir. Order, 2013-K-1302, 10/3/13.

[38]State ex rel. Lee v. State, 146 So.3d 205 (La. 2014); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2013-KH-2612, 7/31/14; La. S. Ct. Writ Application, 13-KH-2612, 11/7/13 (dated 11/1/13).

[39]St. Rec. Vol. 3 of 8, Application for Post-Conviction Relief, dated 5/9/14; Memorandum in Support, dated 5/9/14.

competence. (3) He was denied effective assistance of counsel during the remand proceedings which impacted his right to meaningful appellate review.

The record contains no indication that any state court has ruled on this latest application for post-conviction relief. Lee's subsequent writ applications to the Louisiana Fourth Circuit and the Louisiana Supreme Court address his continued efforts to obtain document copies from the state trial court and do not specifically involve his post-conviction or federal habeas claims.[40]

## III.   FEDERAL HABEAS PETITION

On October 30, 2017, the clerk of this court filed Lee's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[41]  (1) It was error to proceed to trial without first ascertaining Lee's competency to proceed.  (2) He was denied effective assistance of counsel when trial counsel failed to object to proceeding

---

[40]See State ex rel. Lee v. State, 222 So.3d 1249 (La. 2017); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2016-KH-0272, 8/4/17; La. S. Ct. Writ Application, 16-KH-272, 2/12/16; 4th Cir. Order 2015-K-1312, 4th Cir. Writ Application, 2015-K-1312, 12/7/15 (dated 11/20/15); 4th Cir. Order, 2015-K-0969, 9/16/15; 4th Cir. Writ Application, 2015-K-0969, 9/8/15 (dated 8/20/15); see also (related to document production requests), State ex rel. Lee v. State, 77 So.3d 958 (La. 2012); St. Rec. Vol. 7 of 8, La. S. Ct. Order, 2011-KH-0203, 1/13/12; St. Rec. Vol. 4 of 8, 4th Cir. Order, 2011-K-0068, 2/11/11; 4th Cir. Writ Application, 2011-K-0068, 1/14/11; 4th Cir. Order, 2010-K-1742, 1/10/11; 4th Cir. Writ Application, 2010-K-1742, 12/14/10; 4th Cir. Order, 2009-K-0280, 3/30/09; 4th Cir. Writ Application, 2009-K-0280, 3/9/09; 4th Cir. Order, 2007-K-0855, 7/24/07; 4th Cir. Writ Application, 2007-K-855, 7/13/07.

[41]Rec. Doc. No. 1.  Lee has filed multiple amendments to his petition.  Although they are repetitive of arguments already included in his petition and brief, I have nevertheless considered them all.  See Rec. Doc. Nos. 23, 24, 28, 29, 31.

to trial without a determination of Lee's competence to proceed.[42]  (3) The state trial court failed to conduct a hearing on the issue of sanity and determine Lee's competence to stand trial.  (4) His right to meaningful appellate review was violated without a full record of the sanity proceedings.[43]  (5) The state trial court erred on remand by failing to order a new trial when it was error to proceed to trial without a competency determination.[44]  (6) He was denied effective assistance of counsel on remand when counsel failed to challenge the incomplete record and evidence at the remand hearing.[45]  (7) It was error to proceed to trial before the judge without any indication that Lee knowingly and intelligently waived his right to jury trial.[46]

The State filed a response in opposition to Lee's federal petition asserting that the petition is time-barred.[47]  Lee filed a reply to the State's opposition response asserting that his petition is not untimely in light of the state courts' continued delays and failure

---

[42]Identified as claim one in Lee's brief, Rec. Doc. No. 1-1, p. 28.

[43]Identified as claim three in Lee's brief, Rec. Doc. No. 1-1, p. 38.

[44]Identified as claim two in Lee's brief, Rec. Doc. No. 1-1, p. 31.

[45]Identified as claim four in Lee's brief, Rec. Doc. No. 1-1, p. 41.

[46]Identified as claim five in Lee's brief, Rec. Doc. No. 1-1, p. 50.

[47]Rec. Doc. No. 9.

to rule on his pleadings, and he otherwise is entitled to equitable tolling and review of his claims on the merits.[48]

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[49] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Lee's petition, which, for reasons discussed below, is deemed filed on October 26, 2017.[50]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the

---

[48]Rec. Doc. No. 13.  I have considered all of Lee's multiple amendments to his reply to the State's opposition response, which are repetitive of arguments already included in his original reply and the brief in support of his petition.  See Rec. Doc. Nos. 13, 18, 27, 31, 32.

[49]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[50]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Lee's petition on October 30, 2017, and opened the case on November 2, 2017, when pauper status was granted.  Lee signed and dated the petition on October 26, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing.

merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Lee's federal petition was not timely filed.  The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[51]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  The State asserts that Lee allowed more than one year from finality of his conviction to lapse before filing his federal petition.  The State's limitations calculation erroneously characterizes many of Lee's state court pleadings and fails to acknowledge or include in the calculation the pendency of several of Lee's state court pleadings, including the 2014 application for post-conviction relief, which apparently remains pending without

---

[51]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

resolution by the state courts.  I also find that the state court record provided to this court,[52] combined with Lee's continual pursuit of post-conviction relief between finality of his conviction and submission of his federal petition, greatly compromises the accuracy and reliability of the State's calculation of the AEDPA one-year limitations period.  I therefore recommend that the State's limitations defense be rejected.

The State also "acknowledges" without discussion that Lee exhausted state court review of his claims.[53]  "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

In this case, Lee's fifth claim questions the state trial court's failure to grant a new trial on remand.  However, he has not specifically presented this same claim to the state

---

[52]Many trial court rulings and minute entries are not part of the record provided by the State.  The letter from the LSU Law School records repository indicates that two of Lee's appellate writ applications could not be located.  This does not explain, however, the missing state trial court rulings, minute entries, transcripts and other pleadings referenced in (or partially attached to) other pleadings in and rulings from the Louisiana Fourth Circuit and Louisiana Supreme Court.

[53]Rec. Doc. No. 9, p. 12.

courts in the same manner he presents it to this federal court.  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Picard</u>, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  Lee has not exhausted state court review of this claim.

Lee's seventh claim asserts that it was error to proceed without a knowing and intelligent waiver of his right to jury trial.  This claim was presented by appointed counsel in the first direct appeal, and withdrawn or abandoned after counsel conceded that the trial transcripts established a proper waiver before trial.  Lee did <u>not</u> reassert this claim in the state courts after it was abandoned.  The state courts, therefore, have not been given an opportunity to address this claim.  Review of this claim is not exhausted.

Nevertheless, Lee's failure to exhaust does not prevent this court from considering these claims because he is not entitled to relief.  28 U.S.C. § 2254(b)(2).  Lee's petition should be denied and dismissed with prejudice because his claims are meritless.

IV.    STANDARDS OF A MERITS REVIEW

A.    CLAIMS ADDRESSED ON THE MERITS BY THE STATE COURTS

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).    The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir. 2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001) (brackets in original); Hill, 210 F.3d

at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Penry, 532 U.S. 782, 792-93 (2001) (citing Williams, 529 U.S. at 405-06, 407-08); Hill, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question."  White v. Woodall, 572 U.S. 415, __, 134 S. Ct. 1697, 1706-07 (2014) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011); Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" Id. at 1706 (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme

18

Court case] incorrectly.'" <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003) (quoting <u>Woodford</u> <u>v. Visciotti</u>, 537 U.S. 19, 24-25 (2002)) (citations omitted; brackets in original).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."  <u>Neal v.</u> <u>Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  <u>Price</u>, 538 U.S. at 641 (quoting <u>Woodford</u>, 537 U.S. at 24-25); <u>Wright v. Quarterman</u>, 470 F.3d 581, 585 (5th Cir. 2006).

B.    <u>CLAIMS NOT ADDRESSED ON THE MERITS BY THE STATE COURTS</u>

The AEDPA's deferential standard of review under Section 2254(d) and <u>Williams</u>, 529 U.S. at 362, applies only to claims adjudicated on the merits by the state courts.  28 U.S.C. § 2254(d).  To the extent Lee's fifth and seventh claims were not properly exhausted and present issues not addressed by the state courts, this court utilizes a different standard of review.  With respect to claims that are not fully adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply.  <u>Cullen</u> <u>v. Pinholster</u>, 563 U.S. 170, 185-86 (2011); <u>Henderson v. Cockrell</u>, 333 F.3d 592, 597 (5th Cir. 2003).  Instead, the federal courts review those claims under pre-AEDPA de novo standards of review.  <u>Id.</u> at 598 (citing <u>Jones v. Jones</u>, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); <u>Carty v. Thaler,</u>

19

583 F.3d 244, 253 (5th Cir. 2009).  Thus, I will consider Lee's fifth and seventh claims de novo as necessary.

V.    ANALYSIS

A.    COMPETENCY DETERMINATION (CLAIMS NOS. 1, 3 AND 5)

Lee asserts that it was error for the state trial court to proceed to trial without conducting a hearing and determining his competency to proceed.  He also claims that the state trial court erred on remand when it failed to vacate his conviction based on the prior trial judge's failure to make a competency determination before trial and the poor condition of the trial record.

Whether Lee was entitled to a pretrial competency hearing was the basis of his direct appeal.  The Louisiana Supreme Court remanded for the state trial court to make specific findings concerning the need for a competency hearing and whether Lee withdrew the request for a sanity commission.  After reviewing pretrial and trial transcripts and based on testimony received at the remand hearing, the state trial court determined that the record was unclear whether the prior trial judge granted the motion to convene a sanity commission, but the record did not warrant vacating the conviction.

On appeal, the Louisiana Fourth Circuit affirmed the conviction after reviewing the record and determining nunc pro tunc that Lee was competent to proceed to trial.  The Louisiana Supreme Court denied relief on Lee's subsequent writ application, finding that Lee failed to present a bona fide question concerning his competence.  Lee's

unsuccessful later attempts to reassert the claim on post-conviction review were rejected as repetitive and/or untimely.

The Constitution prohibits trial and conviction of a criminal defendant who is mentally incompetent to assist with his defense. Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966); Carter v. Johnson, 131 F.3d 452, 459 (5th Cir. 1997). The constitutional standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960); accord Godinez v. Moran, 509 U.S. 389, 396 (1993). A defendant is denied a fair trial if the evidence and circumstances raise a reasonable doubt about his competence and the court or counsel fails to make further inquiry. Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir. 1980).

The state courts' finding of competence to stand trial is a question of fact entitled to deference under § 2254(d)(2). Maggio v. Fulford, 462 U.S. 111, 117 (1983); Austin v. Davis, 876 F.3d 757, 777-78 (5th Cir. 2017); Miller-El v. Johnson, 261 F.3d 445, 454 (5th Cir. 2001), rev'd on other grounds, 537 U.S. 322 (2003); Felde v. Blackburn, 795 F.2d 400, 402 (5th Cir. 1986). Under the AEDPA, this court presumes the factual findings are correct, unless petitioner shows by clear and convincing evidence that the

determination was based on an unreasonable determination of the facts in light of the evidence before the state courts.

In this case, the Louisiana Supreme Court held that Lee did not raise a bona fide concern regarding his competence, and the trial judge made no findings of reasonable grounds to doubt his competence.[54] The trial record and remand hearing transcript, relied on by the Louisiana Supreme Court, reflect that Lee assisted his counsel in presenting the defense, testified on his own behalf and understood the charges against him and the proceedings.[55] The record reflects that Lee gave cogent testimony at both the trial and remand hearings, demonstrating a clear understanding of the issues. The record contains nothing to indicate that Lee was not capable of assisting counsel in his defense. His trial counsel denied any indication that competency was an issue at the time of trial.[56]

The record therefore supports the factual finding reached by the Louisiana courts in determining that Lee did not demonstrate reasonable grounds to doubt his competence. Lee has offered nothing to rebut the presumption of correctness or to contradict the record or the findings reached by the state courts. He has not shown an unreasonable determination of the facts in light of the evidence and record, or otherwise established a violation of his constitutional rights during the remand proceedings.

---

[54]St. Rec. Vol. 6 of 8, Hearing Transcript, pp. 6, 14, 10/22/04.

[55]St. Rec. Vol. 6 of 8, Hearing Transcript, pp. 6, 10, 10/22/04.

[56]St. Rec. Vol. 6 of 8, Hearing Transcript, pp. 13-14,10/22/04.

Under a de novo review, Lee has also provided no basis for the state courts to have granted him relief on remand. This court finds nothing in the record requiring further scrutiny of his competence.

> Habeas petitioners claiming incompetency bear a "threshold burden of proof which must be satisfied before the habeas corpus has a duty to investigate the constitutional challenge further." This requires a showing that the facts are "sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during trial." "Once petitioner has come forward with enough probative evidence to raise a substantial doubt as to competency, ... [h]e must then go further and prove the fact of incompetency, at least by a preponderance of the evidence."

Washington v. Johnson, 90 F.3d 945, 950 (1996) (internal citations omitted).

Lee has not sustained this burden of proof sufficient to question his competence at the time of trial. He has shown no error under state or federal law by the state trial court in proceeding to trial without a competency hearing or in failing to vacate his conviction on remand. He is not entitled to relief on this claim.

B.    EFFECTIVE ASSISTANCE OF COUNSEL (CLAIMS NOS. 2 AND 6)

Lee alleges that he was denied effective assistance of counsel when his trial counsel failed to object to his trial commencing without a determination of his competence to proceed. He also asserts that he was denied effective assistance of counsel during the remand proceedings when his appointed counsel failed to challenge

23

the incomplete record and other evidence used by the state courts to deny relief on remand.

Lee first asserted these claims in his 2008 application for post-conviction review, which was summarily denied as meritless by the Louisiana Fourth Circuit and Louisiana Supreme Court. During the next decade, Lee's efforts to reassert the claims were denied by the state courts as meritless, repetitive and/or improper for or untimely filed post-conviction review.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. Id. at 687. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; accord United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) (citing Strickland, 466 U.S. at 694).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Id. at 892-93. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely

24

than not altered the outcome in the case.'  But it is not enough, under <u>Strickland</u>, 'that the errors had some conceivable effect on the outcome of the proceeding.'"  <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 693); <u>see Harrington</u>, 562 U.S. at 112 (<u>Strickland</u> requires a "substantial" likelihood of a different result, not just a "conceivable" one.)

On habeas review, the United States Supreme Court has clarified that, under <u>Strickland</u>, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  <u>Id.</u> at 105 (quoting <u>Strickland</u>, 466 U.S. at 690). The <u>Harrington</u> Court went on to recognize the high level of deference owed to a state court's findings under <u>Strickland</u> in light of the AEDPA:

> The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

<u>Id.</u> (citations omitted).

Thus, scrutiny of counsel's performance under Section 2254(d) is "'doubly deferential.'"  <u>Cullen</u>, 563 U.S. at 190 (quoting <u>Knowles</u>, 556 U.S. at 123).  This court must therefore apply the "strong presumption" that counsel's strategy and defense tactics

fall "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner. Id.; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008); Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000). Tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance. Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997); Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

The issue of ineffective assistance of counsel is a mixed question of law and fact. Clark v. Thaler, 673 F.3d 410, 416 (5th Cir. 2012); Woodfox v. Cain, 609 F.3d 774, 789 (5th Cir. 2010). Thus, under the AEDPA, this court must determine whether the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court precedent.

1.    <u>TRIAL COUNSEL</u>

Lee has not demonstrated that his counsel erred in allowing the state court to commence trial without a competency determination. The state courts held that Lee's competence was not at issue at the time of trial. They found as a matter of fact that there was no bona fide question of his competence or reason for the state trial court to delay trial. Lee's prior trial counsel's motion apparently was withdrawn or resolved before Lee's actual trial counsel enrolled.[57]

Trial counsel testified at the remand hearing that Lee's competence was not at issue or a concern to the defense at the time of trial.[58] The record does not demonstrate any reason for Lee's trial counsel to have pursued a competency determination or trial continuance for that reason. Counsel is not ineffective for failing to urge a baseless motion. <u>See</u> <u>Johnson v. Cockrell</u>, 306 F.3d 249, 255 (5th Cir. 2002) (counsel is not required to make futile motions or frivolous objections); <u>Smith v. Puckett</u>, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections.").

---

[57]St. Rec. Vol. 6 of 8, Hearing Transcript, pp. 4, 6, 10-12, 14, 10/22/04; <u>see also</u> Hearing Transcript, 4/13/05.

[58]<u>Id.</u> at pp. 13-14.

Lee has not established that the state courts' denial of relief on this issue was contrary to or an unreasonable application of federal law. He is not entitled to relief on this issue.

### 2.  COUNSEL ON REMAND

Lee has not established that his appointed counsel on remand failed to provide effective assistance. He claims that his appointed counsel should have made a greater effort to challenge the testimony at the remand hearing and attempt to stop all further proceedings when the testimony at the hearing addressed matters that were not included as part of the trial court's record.

Lee's argument is nonsense. The record is clear that the remand hearing was ordered and conducted to determine matters that were not part of the trial court's record. The Louisiana Supreme Court would not have ordered remand to answer questions already contained in the record. Counsel had no basis to object to the state trial court's gathering of information which was the very purpose of the remand hearing directed by the supreme court.

At the remand hearing, Lee's counsel cross-examined the prosecutor from Lee's trial and called Lee and his mother to testify regarding their recollection of the events in an effort to establish that his competence was a real or recognized issue. The record shows that Lee's appointed counsel engaged in a full and accurate challenge to the record at that hearing. Lee's suggestion that his appointed counsel should have handled the

hearing and evidence differently is conclusory and not sufficient to establish that counsel acted unreasonably.  See Williams v. Cockrell, 31 F. App'x 832, 2002 WL 180359, at *3 (5th Cir. 2002) (quoting Williams v. Cain, 125 F.3d 269, 278 (5th Cir. 1997)) ("'Failure to present [evidence does] not constitute 'deficient' performance within the meaning of Strickland if [counsel] could have concluded, for tactical reasons, that attempting to present such evidence would be unwise.'"); Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Similarly, Lee fails to demonstrate that his appointed counsel should have called other witnesses or what specific contribution other witnesses would have made to the remand determinations.  It is well settled that "'[c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" Graves v. Cockrell, 351 F.3d 143, 156 (5th Cir. 2003) (quoting Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)); Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008).  To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.  Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citing Bray, 265 F. App'x at 298).  Lee has not met this burden or provided any

29

proof that the testimony of other witnesses would have been favorable to him or altered the remand determinations. He has not shown deficient or prejudicial performance by his counsel on remand.

For these reasons, Lee has failed to establish that the denial of relief on the issue of ineffective assistance of counsel was contrary to or an unreasonable application of Strickland. He is not entitled to relief on this claim.

C.    MEANINGFUL APPELLATE REVIEW (CLAIM NO. 4)

Lee argues that he was denied the right to meaningful appellate review of the outcome of the remand hearing without a full record of the sanity proceedings. Lee was summarily denied relief on this issue by the state courts on review of his 2008 application for post-conviction relief.

The United States Supreme Court has not recognized that state defendants have a federal constitutional right of direct appeal of a state conviction. See Smith v. Robbins, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); Ross v. Moffitt, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants."). However, once a state creates the right to appeal a criminal conviction, as in Louisiana, the appeal process must comport with the guarantees of due process. Evitts v. Lucey, 469 U.S. 387, 393, 403 (1985).

Due process concerns are implicated only when the state fails to assure a criminal defendant an adequate opportunity to present his claims and to obtain a final determination on the merits of the appeal. Id. at 402, 405. Claims of denial of due process under habeas law present mixed questions of law and fact. Wilkerson v. Cain, 233 F.3d 886, 890 (5th Cir. 2000); Woodfox v. Cain, 772 F.3d 358, 369 (5th Cir. 2014).

A record is "adequate for full appellate review" so long as it contains the portions necessary to address the alleged errors asserted on appeal and without which the appeal was prejudiced. Higginbotham v. Louisiana, 817 F.3d 217, 222 (5th Cir. 2016); Schwander v. Blackburn, 750 F.2d 494, 497–98 (5th Cir. 1985) (quoting State v. Francis, 345 So. 2d 1120, 1125 (La. 1977)); Mullen v. Blackburn, 808 F.2d 1143, 1146 (5th Cir. 1987). To prevail on a claim that the record was inadequate, a petitioner must prove that there were missing portion of the transcripts which actually prejudiced his appeal in some manner. Green, 160 F.3d at 1045 ("[B]arring a showing that the [failure to record bench conferences during trial] resulted in 'actual prejudice,' habeas relief is unwarranted.") (citation omitted); see also Mullen, 808 F.2d at 1146 (petitioner failed to show the absence of voir dire transcript prejudiced his appeal); Bozeman v. Cain, No. 09-8423, 2010 WL 2977393, at *4 (E.D. La. June 7, 2010), report & recommendation adopted, 2010 WL 2977402 (E.D. La. July 20, 2010) (petitioner's claim failed when no actual prejudice resulted from failure to transcribe a bench conference).

In this case, Lee has failed to demonstrate that the record was inadequate for the state courts to address his claims after remand. Remand was ordered to gather additional information to complete the record. After remand, the Louisiana Fourth Circuit and Louisiana Supreme Court found the updated records more than adequate to determine, among other things, that there was no bona fide reason for the trial court (or counsel) to doubt Lee's competence to proceed to trial. The record also confirmed for the courts that no sanity hearing had been conducted after the defense request to examine competency was withdrawn. There is no reason for Lee to continue searching for records or transcripts of such a proceeding when they do not exist.

The need to determine Lee's competence to proceed before trial was the issue asserted by appointed counsel in the first direct appeal and the sole issue concerned in the second appeal after the remand proceedings. Lee has not demonstrated that the record, especially after the remand hearing, was inadequate for the state courts to provide complete review and resolve the merits of his appeal claims.

Lee has not established that the state courts' denial of relief on this issue was contrary to or an unreasonable application of federal law. He is not entitled to relief on this issue.

32

D.     WAIVER OF RIGHT TO JURY TRIAL (CLAIM NO. 7)

Lee asserts that it was error for the state court to proceed to trial without establishing that he knowingly and intelligently waived his right to trial by jury. Appointed counsel asserted this issue on direct appeal and later abandoned the claim after conceding that the trial record confirmed that the state trial court engaged in a waiver colloquy before trial.

> Subsequently, the record on appeal was supplemented with a transcript dated August 12, 1999 wherein it appears that an adequate record was made to demonstrate that appellant made a knowing and intelligent waiver of the right to trial by jury.[59]

Following concession that this claim was baseless, neither counsel, Lee nor the state courts addressed the issue further.

The record before me does not include a complete copy of the trial transcript or the portion of the transcript referenced by Lee's appellate counsel.  Nevertheless, Lee offers no support for the assertion that his waiver of the jury trial was not knowing or voluntary.  He instead simply reiterates the arguments made by appellate counsel in the first appeal brief, without any reference to or consideration of the supplemental brief and the concession that the waiver was adequate.

The United States Supreme Court has continually recognized that the right to trial by jury is a protection guaranteed by the United States Constitution to a person accused

---

[59]St. Rec. Vol. 1 of 8, Supplemental Appeal Brief, p. 1, 2002-KA-0955, 8/6/02.

33

of a crime, but which the accused has the power to waive.  Patton v. United States, 281
U.S. 276, 298 (1930), abrogated on other grounds, Williams v. Florida, 399 U.S. 78
(1970).  Waiver of a constitutional right must be knowing and voluntary with sufficient
awareness of the relevant circumstances.  Brady v. United States, 397 U.S. 742, 748
(1970); Johnson v. Zerbst, 304 U.S. 458, 464 (1938); Mata v. Johnson, 210 F.3d 324, 329
(5th Cir. 2000).  Waiver of a constitutional right cannot be presumed from a silent record,
but instead must be shown affirmatively in the record.  Boykin v. Alabama, 395 U.S. 238,
242 (1969); Johnson, 304 U.S. at 464.

De novo review of the record in Lee's case establishes that it was not silent as to
his waiver.  As recognized by appointed counsel on direct appeal and by Lee in his
federal habeas petition, the trial minutes clearly indicate that Lee waived a jury trial on
the morning of trial.[60]  This waiver along with the court's colloquy was included in and
confirmed by the trial transcript that was reviewed by appointed counsel before her
concession and abandonment of the claim.

Lee has never contended with any specificity that he did not in fact understand the
consequences of his waiver of the right to jury trial.  His only challenge to the
voluntariness of his waiver was that, upon initial review before his first direct appeal, the
trial record did not contain confirmation of a waiver colloquy in open court.  However,

---

[60]St. Rec. Vol. 3 of 8, Trial Minutes, 8/12/99.

neither the Constitution nor Supreme Court precedent requires the trial court to conduct an on-the-record colloquy with a defendant before waiver of the right to jury trial. Marone v. United States, 10 F.3d 65, 67 (2nd Cir. 1993); see also Jells v. Ohio, 498 U.S. 111 (1990) (denying certiorari without reasons in case involving state court's failure to describe to defendant the costs and benefits of jury waiver).

In this case, both Lee's appointed appellate counsel and the State acknowledged on direct appeal that, in addition to the trial minutes, an adequate colloquy took place before trial and the trial transcript confirmed that the waiver was knowing and voluntary. A petitioner seeking habeas corpus relief bears the burden of proof as to each ground for relief he asserts. Williford v. Estelle, 672 F.2d 552 (5th Cir. 1982). Lee has not established that his waiver of the right to jury trial was not knowing or voluntary in any manner that would entitle him to federal habeas relief. He is not entitled to relief on this issue.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that David Anthony Lee's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[61]

New Orleans, Louisiana, this _____20th_____ day of July, 2018.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[61]Douglass referred to the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.